UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JAMES KIERNAN,

                        Plaintiff,

         -against-

TOWN OF SOUTHAMPTON, SOUTHAMPTON
TOWN POLICE DEPARTMENT and
WILLIAM WILSON, Individually and as former
 Police Chief of the Town of Southampton,

                        Defendants.
----------------------------------------------------------------X

ORDER
14-CV-1831(SJF)(AKT)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★ MAR 17 2015 ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

      Pending before the Court is the Report and Recommendation ("the Report") of the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, dated February 13, 2015: (1) recommending that the motions of defendants Town of Southampton and Southampton Town Police Department (collectively, "the Town defendants") and defendant William Wilson ("Wilson") seeking dismissal of all claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted in part and denied in part; and (2) advising the parties, *inter alia*, (a) that "[p]ursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of th[e] Report * * * to file written objections[,]" (Report at 36), and (b) that a "[f]ailure to file objections will result in a waiver of those objections for purposes of appeal[,]" (id.) (citing Thomas v. Arn, 474 U.S. 140, 155 (1985); Beverly v. Walker, 118 F.3d 900, 902 (2d Cir. 1997); and Savoie v. Merchants Bank, 84 F.3d 52, 60 (2d Cir. 1996)). A copy of the Report was served upon the attorneys of record for the parties via ECF on February 13, 2015. (Doc. No. 22). No party has filed any objection to the Report, nor sought an extension of time to do so. For the reasons stated herein and in the Report, Magistrate Judge Tomlinson's Report is accepted in its entirety and the motions to dismiss

1

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure are granted in part and denied in part.

I.   Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Specifically, where, as here, the parties "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted), their "failure to object timely to [that] report waives any further judicial review of the report." Id.; see also Caidor v. Onondago County, 517 F.3d 601, 604 (2d Cir. 2008); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993).

"Although this rule applies equally to counseled and *pro se* litigants, it is 'a nonjurisdictional waiver provision whose violation [the Court] may excuse in the interests of justice.'" King v. City of New York, Department of Corrections, 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (quoting Roldan, 984 F.2d at 89); see also DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000); see also King, 419 F. App'x at 27 (accord).

II. Review of Report

Although the Report provided the parties with the requisite "express warning" of the consequences of a failure to timely file objections thereto, Caidor, 517 F.3d at 603, no party has filed any objections to Magistrate Judge Tomlinson's Report, nor sought an extension of time to do so. Accordingly, the parties have "waive[d] any further judicial review of the findings contained in the report." Spence, 219 F.3d at 174. Moreover, as the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein: (1) the branches of defendants' motions seeking dismissal of plaintiff's Section 1985 and Section 1986 claims (third and fourth causes of action, respectively), Section 1983 due process claim (fifth cause of action), and claims against the Southampton Town Police Department pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure are granted as unopposed and those claims are dismissed in their entirety with prejudice for failure to state a claim for relief; (2) the branches of defendants' motions seeking dismissal of plaintiff's Section 1983 First Amendment retaliation claims (first cause of action) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure are granted to the extent that plaintiff's Section 1983 First Amendment retaliation claims (a) based upon (i) the decision to deny him an interview for the Captain position and (ii) the passage of the "Kiernan Law" are dismissed with prejudice as against Wilson for failure to state a claim for relief, and (b) alleging that defendants retaliated against him by manufacturing departmental charges against him are dismissed in their entirety with prejudice for failure to state a claim for relief, and those branches of defendants' motions are otherwise denied; (3) the branch of the Town defendants' motion seeking dismissal of plaintiff's Section 1983 Monell claims against the Town pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is denied; and (4) the branch of Wilson's motion seeking dismissal of plaintiff's claims against him based upon the doctrine of qualified immunity

3

is denied.[1]

III. Conclusion

For the reasons set forth herein, Magistrate Judge Tomlinson's Report is accepted in its entirety, and, for the reasons set forth therein: (1) the branches of defendants' motions seeking dismissal of plaintiff's Section 1985 and Section 1986 claims (third and fourth causes of action, respectively), Section 1983 due process claim (fifth cause of action), and claims against the Southampton Town Police Department pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure are granted as unopposed and those claims are dismissed in their entirety with prejudice for failure to state a claim for relief;[2] (2) the branches of defendants' motions seeking dismissal of plaintiff's Section 1983 First Amendment retaliation claims (first cause of action) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure are granted to the extent that plaintiff's Section 1983 First Amendment retaliation claims (a) based upon (i) the decision to deny him an interview for the Captain position and (ii) the passage of the "Kiernan Law" are dismissed with prejudice as against Wilson for failure to state a claim for relief, and (b) alleging that defendants retaliated against him by manufacturing departmental charges against him are dismissed in their entirety with prejudice for failure to state a claim for relief, and those branches of defendants' motions are otherwise denied; (3) the branch of the Town defendants' motion

---

[1] For the sake of clarity, the following claims remain in this action: (1) plaintiff's Section 1983 First Amendment retaliation claims against Wilson based upon (a) the leak and/or disclosure of his personnel file, (b) his attempted demotion, (c) his attempted arrest, together with the resulting suspension of his employment and loss of annual leave, sick leave and comp time, and (d) the dissemination of false and/or confidential information to the press and/or the Town Board; and (2) plaintiff's Section 1983 Monell claim against the Town (second cause of action) based upon (a) those purported violations of his First Amendment rights, (b) the decision to deny him an interview for the Captain position, and (c) the passage of the "Kiernan Law."

[2] As all claims against the Southampton Town Police Department are dismissed with prejudice, the Clerk of the Court shall amend the caption of this action accordingly.

seeking dismissal of plaintiff's Section 1983 <u>Monell</u> claims against the Town pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is denied; and (4) the branch of Wilson's motion seeking dismissal of plaintiff's claims against him based upon the doctrine of qualified immunity is denied.

SO ORDERED.                                    s/ Sandra J. Feuerstein

_____
Sandra J. Feuerstein
United States District Judge

Dated: March 17, 2015
       Central Islip, New York